USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 12|9|08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

JAMES VERNON,                                       :
                                                    :
                            Plaintiff,              :        06 Civ. 13132 (RMB) (DF)
                                                    :
        - against -                                 :        **ORDER**
                                                    :
MICHAEL J. ASTRUE,                                  :
Commissioner of Social Security,                    :
                                                    :
                            Defendant.              :
------------------------------------------------------------X

**I.      Background**

On or about November 13, 2006, James Vernon ("Plaintiff") filed a complaint

("Complaint") pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act ("Social

Security Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final

decision, dated October 25, 2005, of Kenneth L. Scheer, an administrative law judge ("ALJ"),

Office of Hearings and Appeals of the Social Security Administration ("Decision"). (See

Compl. ¶¶ 3–6.)  The ALJ denied Plaintiff's application, dated June 25, 2002, for social security

disability benefits on the ground that Plaintiff "is not disabled within the meaning of the Social

Security Act." (Decision at 1.)  On or about September 8, 2006, the Social Security Appeals

Council "denied [Plaintiff's] request to review [the ALJ's decision]," thereby rendering the

ALJ's decision final.  (Not. of Social Security App. Council Action, dated Sept. 8, 2006 ("Not.

of App. Action"), at 1.)

On or about July 2, 2008, Michael J. Astrue, the Commissioner of Social Security

("Commissioner" or "Defendant") moved for judgment on the pleadings pursuant to Rule 12(c)

the Federal Rules of Civil Procedure ("Fed. R. Civ. P"), requesting that the Court affirm the

ALJ's decision arguing, among other things, that "[P]laintiff failed to sustain the burden of proof

that he was under a disability within the meaning of the Act." (Def. Mem. of Law, dated June 28, 2007 ("Def. Mem."), at 24.) On or about July 11, 2008, Plaintiff filed a cross-motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) seeking reversal of the ALJ's decision arguing, among other things, that "the ALJ improperly relied on lay opinions instead of medical evidence" and "did not accord controlling weight to the opinion of [Plaintiff's] treating physician." (Pl. Mem. of Law, dated Oct. 12, 2007 ("Pl. Mem."), at 17.)

On or about October 20, 2008, United States Magistrate Judge Debra Freeman, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that the "matter be remanded, with [] direction[s] to the ALJ: (1) to evaluate the opinions of [Doctors] Indio and Bookhardt–Murray in light of the factors listed in 20 C.F.R. § 416.927(d)(2), and, if these opinions are not assigned controlling weight, to provide good reasons for this; (2) to provide support for [the ALJ's] finding, or any new finding, regarding the severity of Plaintiff's mental impairments and any resulting restrictions on his ability to function; (3) to incorporate into hypothetical questions posed to a vocational expert all functional limitations that the ALJ finds Plaintiff to have, including any limitations caused by mental impairments; and (4) to develop the record to the extent necessary (a) to make a fully reasoned determination as to severity of Plaintiff's mental impairments and the extent of any resulting restrictions, and (b) to determine whether [Doctor] Savillo can provide relevant evidence as to Plaintiff's condition during the period of his claimed disability." (Report at 46.)

The Report advised that "[p]ursuant to 28 U.S.C. § 636(b)(1) and [Fed R. Civ. P.] 72(b) . . . the parties shall have ten (10) days from service of this Report to file written objections." (Report at 46.) To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II.      Legal Standard

In reviewing a magistrate judge's report and recommendation, the court may adopt those

sections to which no objections have been made and which are not clearly erroneous or contrary

to law.  See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Santana v. United

States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007).  A district judge may accept, reject, modify,

in whole or in part the findings and recommendations of the magistrate judge.  See Santana, 476

F. Supp. 2d at 302; Deluca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994), aff'd, 77 F.3d 578

(2d Cir. 1996).

## III.     Analysis

The facts and procedural history set forth in the Report are incorporated herein by

reference.  Having conducted a review of the Report and applicable legal authorities, the Court

finds that the Report is not clearly erroneous and, in fact, is in conformity with the law, see

Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991); "the ALJ failed to develop fully the

record in [Plaintiff's] case and erred by not following . . . the treating physician rule."  Dharanj v.

Barnhart, No. 04 Civ. 5537, 2006 WL 1148105, at *5 (S.D.N.Y. May 1, 2006); see also Halloran

v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004).

Judge Freeman correctly determined the ALJ's "finding of mild to moderate mental

impairments . . . cannot stand without further explanation" because the ALJ's judgment "appears

to be a medical assessment calling for medical expertise [that cannot] be . . . based solely on [the

ALJ's] lay inference."  Lugo v. Barnhart, No. 04 Civ. 1064, 2008 WL 515927, at *20 (S.D.N.Y.

Feb. 8, 2008).  And, "[i]n order for the testimony of a vocational expert to be considered reliable,

the hypothetical posed must include all of the claimant's functional limitations, both physical and

3

mental supported by the record." <u>Hernandez v. Barnhart</u>, No. 05 Civ. 9586, 2007 WL 2710388, at *11 (S.D.N.Y. Sept 18, 2007) (internal quotations and citations omitted).

Finally, "[i]n cases where 'the ALJ failed to develop the record sufficiently to make' appropriate disability determinations, a remand for 'further findings [that] would so plainly help to assure the proper disposition of [the] claim . . . is particularly appropriate.'" <u>Butts v. Barnhart</u>, 388 F.3d 377, 386 (2d Cir. 2004) (quoting <u>Rosa v. Callahan</u>, 168 F.3d 72, 83 (2d Cir. 1999)).

**IV.   Conclusion**

For the reasons set forth herein and therein, the Report [#14] is adopted in its entirety. The case is remanded to the Commissioner for reconsideration pursuant to 42 U.S.C. § 405(g). The Clerk of Court is respectfully requested to close this case.

Dated:  New York, New York
       December 9, 2008

_____
**RICHARD M. BERMAN, U.S.D.J.**